UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PHILADELPHIA INDEMNITY INSURANCE        Case No.: 6:25-CV-1096 (BKS/MJK)
COMPANY a/s/o HILLSIDE COMMONS
ONEONTA, LLC.,

                    Plaintiff,        **AMENDED COMPLAINT**

      -against-

UPONOR, INC.,

                   Defendant.

-------------------------------------------------------------------X

Plaintiff, Philadelphia Indemnity Insurance Company a/s/o Hillside Commons Oneonta, LLC, by its attorneys, Frenkel Lambert Weisman & Gordon, LLP, as and for its amended complaint against the defendant alleges, upon information and belief, as follows:

## PARTIES

1.    At all times hereinafter mentioned, plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") was and still is authorized to issue policies within the State of New York.

2.    At all times hereinafter mentioned, plaintiff's subrogor and/or assignor, Hillside Commons Oneonta, LLC ("Hillside"), was and still is domestic limited liability company.

3.    At all times hereinafter mentioned, defendant Uponor, Inc. ("Uponor") was and still is a foreign corporation authorized to do business in New York.

## JURISDICTION

4.    The jurisdiction of this Court is invoked pursuant to U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

5.    Venue is proper in this District as all or a substantial part of the event giving rise to plaintiff's claim occurred in Otsego, New York.

## FIRST COUNT (Negligence)

6.    At all times hereinafter mentioned, Uponor was engaged in the business of selling

various products to the general public

7. At all times hereinafter mentioned, Hillside owned the building located at 150 Blodgett Drive, Oneonta, New York (the "Hillside Building").

8. At all times hereinafter mentioned, the Hillside Building was a residential building which contained apartment units.

9. Prior to April 24, 2024, an adapter fitting ("Fitting") for certain PEX piping ("Piping") installed in unit 405 ("Unit 405") of the Hillside Building.

10. At all times hereinafter mentioned, defendant Uponor and/or its agents, representatives, employees and/or servants designed, manufactured, assembled, tested and inspected the aforesaid Fitting for the Piping the that was installed in Unit 405 of the Hillside Building.

11. Prior to April 24, 2024, defendant Uponor distributed the Fitting for sale to the general public in interstate commerce.

12. Prior to April 24, 2024, the Fitting, which was distributed by Uponor, was purchased for the Hillside Building.

13. Prior to April 24, 2024, Uponor and/or its agents, representatives, employees and/or servants designed, manufactured, assembled, tested, and  inspected the Fitting.

14. Prior to April 24, 2024, the Fitting, which had been distributed by Uponor, was installed in the Hillside Building for the Piping that was installed in Unit 405 of the Hillside Building.

15. On or about April 24, 2024, the Fitting for the Piping in Unit 405 of the Hillside Building dezincified and failed, and as a result water leaked into and throughout the Hillside Building causing damage to the Hillside Building and the property contained therein.

16. The aforesaid incident was caused by the result of negligence of the defendant in manufacturing and designing of the Fitting.

17. As a result of the aforesaid negligence of defendant Uponor in failing to properly manufacture and design the Fitting, plaintiff's assignor/subrogor sustained damages to the Hillside Building and personal property in the sum of at least $475,152.05.

18. Pursuant to a policy of insurance then in full force and effect, to date plaintiff has reimbursed its insured, Hillside, in the amount of $475,152.05 for the aforesaid loss, less a deductible in the amount of $25,000,00, and Philadelphia has become subrogated and/or assigned to any of the rights, claims and causes of action of its insured, Hillside, against all parties responsible for this loss, including the defendant named in the complaint herein

19. By reason of the aforesaid, defendant Uponor is liable and indebted to plaintiff in the sum of at least $475,152.05 with interest from April 24, 2024 and for any additional payments issued by plaintiff for damages and losses sustained by Hillside as a result of the April 24, 2024 incident.

## SECOND COUNT (Products Liability)

20. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "19" thereof, with the same force and effect as if each such allegation was fully set forth here again at length.

21. On or about April 24, 2024, solely as a result of defendant Uponor's defective and improper design, installation, manufacture, assembly, testing and inspection of the Fitting, the Fitting failed causing damage to the Hillside Building in the sum of at least $475,152.05.

22. By reason of the aforesaid, defendant Uponor is liable and indebted to plaintiff in the sum of at least $475,152.05 with interest from April 24, 2024 and for any additional payments issued by plaintiff for damages and losses sustained by Hillside as a result of the April 24, 2024 incident.

**THIRD COUNT (Failure to Warn)**

23.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "22" thereof, with the same force and effect as if each such allegation was fully set forth here again at length.

24.   Prior to April 24, 2024, the defendant failed to adequately warn Hillside and the general public about the dangerous condition of the Fitting.

25.   As a result of the aforesaid failure to warn, on or about April 24, 2024, plaintiff's assignor/subrogor sustained damages in the sum of at least $475,152.05.

26.   By reason of the aforesaid, defendant Uponor is liable and indebted to plaintiff in the sum of at least $475,152.05 with interest from April 24, 2024 and for any additional payments issued by plaintiff for damages and losses sustained by Hillside as a result of the April 24, 2024 incident.

**WHEREFORE**, plaintiff demands judgment against defendant Uponor, Inc. on its first, second and third causes of action in the sum of at least $475,152.05, and for any additional payments made by plaintiff to or on behalf of its insured, plus interest from April 24, 2024 as well as the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated:  Bay Shore, New York
        March 18, 2026

FRENKEL LAMBERT
WEISMAN & GORDON, LLP
*Attorneys for Plaintiff*

By:  Lawrence Lambert

LAWRENCE LAMBERT (706678)
53 Gibson Street
Bay Shore, New York 11706
(631) 969-7777
File No.: 02-100245
Llambert@flwlaw.com

## CERTIFICATE OF SERVICE

I certify that on the 18th day of March 2026, I caused a true and correct copy of the foregoing

**AMENDED COMPLAINT** to be served via ECF System, on the following:

All appearing counsel registered with the ECF System.


<u>Lawrence Lambert</u>